IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| LILY LERMA,<br><br>        Plaintiff,<br><br>    vs.<br><br>PAUL DOLD, *et al.*,<br><br>        Defendants. | Case No. 25-cv-00521-DKW-RT<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

On December 22, 2025, Defendants Paul Dold, Manoa Senior Care LLC ("MSC"), and Manoa Elder Care, LLC ("MEC") moved to dismiss Plaintiff Lily Lerma's[1] Complaint, which asserts various state and federal claims relating to Lerma's expulsion from a nursing home operated by Defendants. Dkt. No. 7. The Lermas oppose the motion, Dkt. No. 10, and Defendants have replied, Dkt. No. 16.

Having reviewed the Complaint, the parties' briefs, and the record generally, the Court agrees that dismissal is appropriate. Accordingly, the motion to dismiss is GRANTED with partial leave to amend, as explained below.

---

[1] Lily Lerma, a senior citizen, has appointed power of attorney in this action to her son, Dwayne Lerma, who was personally involved in the alleged conduct underlying this action. Accordingly, this order will refer to the Plaintiff as "the Lermas" and, where appropriate, to each Lerma by first name.

# FACTUAL & PROCEDURAL BACKGROUND

I. **Factual Background**

The following facts are taken from the operative Complaint, originally filed in state court. Dkt. No. 1 at 6–38 (pdf pagination).

In 2021, health care providers determined that Lily required 24-hour supervision of her daily living activities. *Id.* ¶ 13. In January 2022, her son Dwayne contacted MEC and MSC, companies specializing in elder care facilities, to provide caregiver services to Lily. *Id.* ¶ 15. On February 7, 2022, following review of Lily's medical status and history, MEC and MSC accepted her as a new resident in their Honolulu facility ("the Residence"). *Id.* ¶¶ 16–20. The Lermas, MEC, and MSC executed an agreement admitting Lily as a resident. *Id.* ¶ 24. Among other things, the agreement specified that Lily would have two live-in nurses providing her with constant care and "[t]hree home prepared meals a day." *Id.* ¶ 36.

On June 20, 2023, Defendants' employees noticed pus discharging from Lily's ear. *Id.* ¶ 50. Lily's live-in nurses were on vacation at the time. *Id.* ¶ 54. Lily was sent to the hospital for treatment, where she was diagnosed with "a life threatening pseudomonas and Klebsiella infection resulting in Sepsis." *Id.* ¶ 57. Following her discharge from the hospital, Lily took up temporary residence at a separate care facility "only for the purpose of receiving intravenous antibiotics twice

a day." *Id*. ¶ 59. During this period, Lily did not live at the Residence, although her residency agreement remained in place.

On June 27, 2023, Dwayne received permission from Defendants to bring Lily to the Residence to visit another resident. *Id*. ¶ 65. During the visit, Defendants refused to provide Lily with a meal despite her status as a resident. *Id*. ¶ 65. Dwayne responded by complaining to Dold, the Residence's manager, about Lily's treatment, the poor sanitation at the Residence, the lack of a present live-in nurse, and the failure of staff to notice or assist with Lily's ear infection. *Id*. ¶¶ 66–67. Dwayne then provided Defendants with 30 days' notice via phone call and email that he was terminating Lily's residency agreement *Id*. ¶¶ 67–68. Defendants retaliated by demanding that the Lermas leave the Residence and called the police to force their vacatur. *Id*. ¶¶ 69–71. Defendants refused to return a $9,050 security deposit, a contractual payment the Lermas had made for June 2023, or Lily's personal items after the agreement terminated. *Id*. ¶¶ 75–84.

## II. Procedural Background

On December 3, 2025, the Lermas filed this action in state court. Dkt. No. 1 at 1–4. On December 11, 2025, Defendants removed the action to this Court. *Id*. The Lermas' Complaint asserts the following claims against Defendants: (1) breach of contract; (2) misrepresentation; (3) fraud; (4) unfair and deceptive trade practices; (5) negligence; (6) negligence *per se*; (7) negligent and intentional infliction of

emotional distress; (8) conversion; (9) age, race, and disability discrimination under the Age Discrimination Act of 1975 ("ADEA"), Hawaiʻi Revised Statutes ("HRS") § 489, and the Americans With Disabilities Act ("ADA"); (10) breach of the covenant of good faith and fair dealing; (11) unjust enrichment/restitution; (12) tortious interference with contractual relations; (13) civil conspiracy; (14) breach of fiduciary duty; (15) failure to provide medical records; and (16) punitive damages ("Counts 1–16"). *Id.* ¶¶ 92–175. The Lermas assert their claims against Dold both "in his individual capacity, and/or as Manager of Defendant[s] MEC [and] . . . MSC." *Id.* ¶ 5.

On December 22, 2025, Defendants moved to partially dismiss the Complaint, arguing that (1) the age discrimination claims under Count 9 were unexhausted; and (2) the Lermas failed to state a claim against Dold in his individual capacity. Dkt. No. 7. In response, the Lermas agreed to dismiss the age discrimination claims, but argued that the individual-capacity claims against Dold should not be dismissed because (1) Dold's actions occurred outside his role as a manager for MEC and MSC; (2) Hawaiʻi law provided that when an entity is found liable for unfair and deceptive trade practices, an individual employee may be deemed liable for the same violation in their individual capacity; and (3) Dold's individual liability would be borne out in further discovery and dismissal at this time would be premature. Dkt.

No. 10.  Defendants reply that the Lermas are not entitled to discovery to cure their deficient pleadings.  Dkt. No. 16.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted."  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft*, 556 U.S. at 678.  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8(a)(2).  *Id.* at 679.

When a complaint fails to state a plausible claim, leave to amend should be given when "justice so requires." Fed.R.Civ.P. 15(a)(2). Indeed, the Ninth Circuit has made clear that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and quotation marks omitted). However, justice does not require leave to amend when (1) it would prejudice an opposing party, (2) it is sought in bad faith, (3) it would produce an undue delay in litigation, (4) it would be futile, or (5) there has been repeated failure to cure a deficiency. *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

## DISCUSSION

### I. Age Discrimination Claims

The Lermas consent to the dismissal of their age discrimination claims under the ADEA. Dkt. No. 10 at 5. Accordingly, these claims are dismissed without leave to amend.

### II. Individual Capacity Claims Against Dold

Defendants move to dismiss the individual-capacity claims against Dold, arguing that the Lermas have failed to allege Dold's involvement in any purported

violations outside of his role as a corporate officer. Dkt. No. 7-1 at 6–9. The Court agrees.

A plaintiff must allege personal involvement of each defendant to state a claim against that defendant. *Iqbal*, 556 U.S. at 678. "The law is firmly established that officers, directors or shareholders of a corporation are not personally liable for the tortious conduct of the corporation or its other agents, unless there can be found some active or passive participation in such wrongful conduct by such persons." *Cahill v. Hawaiian Paradise Park Corp.*, 56 Haw. 522, 526 (1975). Accordingly, an officer of a corporation is liable in their individual capacity only where a plaintiff alleges that the officer "actively or passively participate[d] in the tortious conduct," *Combs v. Case Bigelow & Lombardi*, 122 Haw. 58, 222 P.3d 465 (Ct. App. 2010), and that the officer acted "outside the scope of their employment" with the corporation, *Kahala Royal Corp. v. Goodsill Anderson Quinn & Stifel*, 113 Haw. 251, 274 (2007).

The Complaint fails to meet these standards with respect to Dold. The Complaint, for instance, fails to specify any actions taken by Dold, instead referring to the acts of "Defendants" without delineating to which party an allegation pertains. *See, e.g.*, Dkt. No. 1 ¶¶ 78–91. Generalized assertions are insufficient to allege any violation by Dold in his individual capacity. *See Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (a complaint that alleges "everyone did everything" fails to state

a claim). The only references to Dold individually are that Dwayne spoke to Dold about his grievances on June 27, 2023, Dkt. No. 1 ¶ 67, and Dold ordered the Lermas to leave the Residence, *id.* ¶ 82. Not only are these sparse allegations, but the Lermas fail to explain how they represent Dold acting in an individual capacity, as opposed to merely performing his duties as a manager of MEC and MSC.

The Lermas briefly argue that Dold may be held individually liable pursuant to HRS § 480-17, which provides that when a corporation "violates any of the penal provisions of this chapter, the violation shall be deemed to be also that of the individual directors, officers, or agents of the corporation who have authorized, ordered, or done any of the acts constituting in whole or in part the violation." The Lermas assert that, because they are "alleging that all Defendants, including Dold[,] committed deceptive and unfair trade practices," Dold can therefore be held liable in his individual capacity. Dkt. No. 10 at 5–6. Effectively, the Lermas argue that Section 480-17 permits them to assert an individual-capacity claim despite not having alleged any personal acts on the part of the individual Defendant. The Lermas cite no authority for this argument, nor has the Court's research found any, and the Lermas' claims of deceptive and unfair trade practices do not arise from the penal provisions of Section 480. *See Calipjo v. Purdy*, 141 Haw. 279, 408 P.3d 885 (Ct. App. 2017), *aff'd in part, vacated in part*, 144 Haw. 266, 439 P.3d 218 (2019)

(holding that claims of "unfair or deceptive acts . . . did not invoke the penal provisions of HRS chapter 480"). Accordingly, Section 480-17 is inapplicable.

The Lermas also insist that further discovery would provide the details of Dold's involvement. Dkt. No. 10 at 8. The Lermas have things backwards, however. A party cannot "rely on anticipated discovery to satisfy Rules 8 and 12(b)(6); rather, pleadings must assert well-pleaded factual allegations to advance to discovery." *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1177 (9th Cir. 2021). The deficiencies in the Lermas' Complaint cannot be left alone now on the chance that they might be cured later.

Because the Lermas fail to state any individual-capacity claims against Dold, the Court grants the motion to dismiss on those grounds. Because the Lermas "could conceivably cure these deficiencies," however, the dismissal is without prejudice and with leave to amend. *Jones v. Rising Phoenix Holdings Corp.*, 2025 WL 2802180, at *7 (D. Haw. Oct. 1, 2025); *Lopez*, 203 F.3d at 1130.

## CONCLUSION

For the reasons set forth herein, Defendants' Motion to Dismiss, Dkt. No. 7, is GRANTED. The Lermas' claims against Dold in his individual capacity are dismissed without prejudice and with leave to amend. The age discrimination claims under the ADEA are dismissed with prejudice and without leave to amend. Should the Lermas wish to amend their pleadings, they must file a standalone Amended

Complaint that does not incorporate or rely on their previous filings no later than March 9, 2026.  The failure to timely file an Amended Complaint means this action will proceed only on the claims that survive in the Complaint (Dkt. No. 1).

    IT IS SO ORDERED.

    DATED: February 23, 2026 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

Lily Lerma vs. Paul Dold, et al; Civil No. 25-00521 DKW-RT; **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**